IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH STARK. | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-531-XR |
| | § | |
| K. CLARK PROPERTY MANAGEMENT LTD., ET AL. | § § | |
| | § | |
| *Defendant*s. | | |

**ORDER**

On this day, the Court considered its jurisdiction over this case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001). After careful consideration, Defendants are ORDERED to show cause in writing that this Court has subject-matter jurisdiction in this case.

On May 15, 2015, Plaintiff Deborah Stark filed an Original Petition in the 45th Judicial District Court in Bexar County, Texas. Docket no. 1-1. Defendants K. Clark Property Management Ltd., Kevin Clark Realty & Associates, L.L.C., Kevin Edward Clark d/b/a/ KC Renovations, Inc., and Carlos Montejano, removed the case to this Court on June 27, 2015 on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

This Court has jurisdiction over federal question cases where the cause of action is created by federal law. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804 (1986). In addition, there is subject matter jurisdiction when a state law cause of action raises a

"contested and substantial federal question." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg*. 545 U.S. 308 (2005).

Defendants assert this Court has federal question jurisdiction because Stark recently went through a bankruptcy in the United States Bankruptcy Court for the Central District of California and her claims in this case should have been discharged there. Docket no. 1 at ¶ 3. Stark's bankruptcy was discharged on November 10, 2014 pursuant to 11 U.S.C. § 727. Docket no. 5 at ¶ 6. Defendants argue "11 U.S.C. § 541 of the Bankruptcy Code provides virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition." *Id*. Defendants also argue "a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the state once the bankruptcy petition has been filed," citing 11 U.S.C. §§ 323 and 541(a)(1). *Id*.

But nowhere on the face of Stark's complaint does she appear to raise a federal question. Her causes of action are all based on Texas law: fraud, Texas Deceptive Trade Practices, negligent hiring, breach of contract, etc. The complaint's "Facts" section does at one point mention, "when the ordeal had taken all the Plaintiff Deborah Stark had she filed for Chapter 7 bankruptcy on July 9, 2014 . . . in the Central District of California. Included in this cause was the claim of K Clark Property Management, Ltd., for the invoices demanded and claimed to have been satisfied by [it] in the name of K C Renovations, Inc." Docket no. 1-2 at ¶ 18.

Defendants seem to base their removal to federal court on a defense that Stark's claims against them should have been discharged in Stark's bankruptcy and that she hid them from the bankruptcy trustee. Generally, though, defenses cannot provide the federal question that is the basis for removal to federal court; the federal question must appear on the face of the well-pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

Defendants are therefore ORDERED to show cause how this Court has subject matter jurisdiction over this case and why it should not be remanded to state court by July 31, 2015. Stark is invited to brief the Court on this issue as well.

It is so ORDERED.

SIGNED this 24th day of July, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE