IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DEBORAH STARK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No.  SA-15-CV-531-XR |
| | § | |
| K. CLARK PROPERTY MANAGEMENT LTD., ET AL., | § | |
| | § | |
| *Defendant*s. | § | |

**ORDER**

On this date the Court considered its subject-matter jurisdiction over this case. This Court has a duty to examine its subject matter jurisdiction, and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

I.   BACKGROUND

On May 15, 2015, Plaintiff Deborah Stark filed an Original Petition in the 45th Judicial District Court in Bexar County, Texas. Docket no. 1 Ex. A1. Stark's state court petition asserts various Texas law causes of action, including breach of contract, negligence, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA). Docket no. 1 Ex. A1. The case involves an investment property Stark purchased in Bexar County in 2006 that she intended to rent. She hired Defendants Kevin Edward Clark, K Clark Property Management LTD, Kevin Clark Realty & Associates LLC, and Carlos Genaro Montejano as her property manager. The parties had some disputes over the years about maintenance, repairs, tenants, etc.

In July 2014, Stark filed for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Central District of California. While she was in bankruptcy, Defendants issued a lien on

the property for $5,942 in the name of K C Renovations.  On November 12, 2014, Stark was discharged from the bankruptcy.

As staed above, after the discharge, Stark filed this lawsuit in state court.  Defendants removed this case invoking this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331 on June 27, 2015.  Docket no. 1.  Defendants argued that the claims Stark asserts are entirely related to her previous bankruptcy and should have been discharged in the bankruptcy, and therefore she has no standing to bring this case according to federal bankruptcy law.  The Court issued an Order to Show Cause on July 24, 2015, ordering Defendants to offer evidence and further argument regarding the Court's subject-matter jurisdiction.  Docket no. 17.  Defendants responded to the Order on July 30.  Docket no. 18.  Stark also responded on July 31.  Docket no. 19.  Defendants supplemented their response on August 2.  Docket no. 20.  Apparently, after removing the case to this Court, Defendants informed the bankruptcy trustee about this Texas lawsuit.  Stark's bankruptcy trustee had the bankruptcy case reopened, examined the potential claims against Defendants, and decided to abandon them.  *See* docket no. 20 Ex. A.

This Court set a hearing on the jurisdictional issue for August 13 (docket no. 21) and held that hearing.  Prior to the hearing, Stark further briefed the Court on multiple  fact issues the Court outlined in its Order setting the hearing.  Docket no. 22.

II.     ANALYSIS

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper in any case in which the federal court would have had original jurisdiction. *Id.* "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint

rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotation marks omitted). A case arises under federal law within the meaning of § 1331 if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983)). If a plaintiff's claims involve state law, a case can be removed to federal court when 1) the case raises a contested federal issue, 2) the issue is actually disputed and substantial, and 3) a federal court can entertain the claim without disturbing the congressionally approved allocation of cases between the state and federal courts. *Grable & Sons Metal Prods. V. Darue Eng'g & Mfg.*, 545 U.S. 308, 313-14 (2005). For removal, the court is only to consider the allegations in the state court petition; any amended complaints filed after removal are not considered. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). The party removing the case bears the heavy burden of establishing jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008).

   Here, the Notice of Removal asserts:

> 11 U.S. C. §541 of the Bankruptcy Code provides that virtually all of a debtor's assets, including causes of action belonging to the debtor at the commencement of the bankruptcy case, vest in the bankruptcy estate upon the filing of a bankruptcy petition. 11 U.S.C. § 541(a)(1); *In re Swift*, 129 F.3d 792 at 795 (5th Cir. 1997); 5 COLLIER ON BANKRUPTCY§ 541.08. Thus, a trustee, as the representative of the bankruptcy estate, is the real party in interest, and is the only party with standing to prosecute causes of action belonging to the estate once the bankruptcy petition has been filed. 11 U.S.C. §§ 323, 541(a)(1); *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308 (5th Cir. 2001). This Court, therefore, has original jurisdiction over this action pursuant to 28 U.S. C. § 1331.

Docket no. 1 at ¶ 3.

However, this argument does not address the well-pleaded complaint rule. Stark's petition states several causes of action, all of which are state law causes of action. *See* docket no. 1 Ex. A1 at ¶¶ 21-43. The petition does mention the bankruptcy on multiple occasions, but only in the fact section as background information. *See id*. at ¶¶ 18-20.

Defendants argue that, despite them raising the bankruptcy issue as a defense, Stark's petition arises under federal law following the well-pleaded complaint rule because: (1) it is related to a bankruptcy, docket no. 20 at 2-3; and (2) Stark has invoked federal law in her petition and indicates that determining liability on some of her causes of action, namely the DTPA claim, will require resolving a substantial federal question, docket no. 18 at 19. First, the cases Defendants cite to for relation to a bankruptcy are inapplicable because those cases involve an ongoing bankruptcy estate, and Stark's bankruptcy estate was closed at the time she filed her complaint and is closed now. *See e.g.*, *In re Wood*, 825 F.2d 90 (5th Cir. 1987); *In re Canion*, 196 F.3d 579, 585 (5th Cir. 1999) ("the outcome of that proceeding could conceivably have any effect on ***the estate being administered in bankruptcy***;" indicating the bankruptcy must currently be open and subject to administration by a trustee, which it is not in Stark's case). Plus the bankruptcy trustee has expressly abandoned Stark's claims against the Defendants here.

Second, the petition involves state law. *See Grable & Sons*, 545 U.S. at 313-14. It surely does not have a federal cause of action on its face. *See* docket no. 1 Ex. A1 at ¶¶ 21-43; *McVeigh*, 547 U.S. at 689-90. The fact that Stark could have alleged a violation of federal law but chose not to does not create a federal question; in fact, it does the opposite. Stark has avoided raising a federal question in her petition with her chosen causes of action.

Next, Defendants' argument that Stark's right to relief necessarily depends on resolution of a substantial question of federal law is also unconvincing. *See McVeigh*, 547 U.S. at 689-90;

*Grable & Sons*, 545 U.S. at 313-14.  The standing question based on bankruptcy law, if it ever was raised on the face of the petition, is now mooted because of abandonment.  Further, allegations that Defendants violated the bankruptcy stay in the fact section may end up impacting the DTPA claims on some of the charges.  But this complaint relates to several years of alleged fraud, deceit, negligence, and breach of fiduciary duties.  The only potential federal issue, whether a portion of the alleged actions Defendants took (i.e. filing a lien) violated the bankruptcy stay, is not substantial in the grand scheme of this case.  *See Rayburn v. Mississippi Dev. Auth.*, 877 F. Supp. 2d 494, 497 (S.D. Miss. 2012) ("Where, as here, federal law is 'only tangentially relevant to an element of a state' cause of action, the case should be remanded.") (quoting *Singh v. Duane Morris LLP*, 538 F.3d 334, 337–38 (5th Cir. 2008))  That question may only impact the outcome of a portion of one of the eight causes of action in the complaint, all of which are state claims.

The question of federal law posed, if it is indeed posed in the complaint and is not a defense, is not substantial and could not be entertained without disturbing the congressionally approved allocation of cases between the state and federal courts because the potential federal issue is one small part of one claim in a large complaint that otherwise involves issues of state law.  *See McVeigh*, 547 U.S. at 689-90; *Grable & Sons*, 545 U.S. at 313-14.  Defendants have failed to meet their heavy burden to show that the Court has subject-matter jurisdiction over this case.  The Court therefore finds that it lacks subject-matter jurisdiction over this case and that Defendants removal was improper.[1]

---

[1] At the hearing, both parties agreed that diversity jurisdiction is inapplicable in this case because the amount in controversy will not exceed $75,000.

### III. CONCLUSION

For all the above stated reasons the Court finds that removal of this case was improper. Each party is to bear their own costs. Accordingly, the Clerk is directed to REMAND this case to state court and close the case. All pending motions are DISMISSED AS MOOT.

It is so ORDERED.

SIGNED this 14th day of August, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE